IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:24-cv-00073-MR

| | |
|---|---|
| JERMAINE VALGAUE LITTLEJOHN, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> LESLIE COOLEY DISMUKES, ) <br> Secretary, North Carolina ) <br> Department of Adult Correction, ) <br> ) <br> Respondent. ) <br> _____ ) | MEMORANDUM OF <br> DECISION AND ORDER |

**THIS MATTER** is before the Court for initial review with regard to the pro se Petition for Writ of Habeas Corpus filed by Jermaine Valgaue Littlejohn ("Petitioner") pursuant to 28 U.S.C. § 2254 on March 11, 2024, [Doc. 1], and Petitioner's Amended Petition for Writ of Habeas Corpus filed December 19, 2025. [Doc. 6].

**I.  BACKGROUND**

The Petitioner originally commenced this action by filing his federal habeas petition in the United States District Court for the Eastern District of North Carolina. The Eastern District Court thereafter transferred Petitioner's action to this Court as the proper venue. [Doc. 3]. Upon receipt of Petitioner's action from the Eastern District, this Court noticed that the

petition form Petitioner filled out to begin this lawsuit did not contain pages 8 through 13.  The Court could not conduct its initial review of Petitioner's case without having the entire petition form completed, and thus granted Petitioner 21 days to file an Amended § 2254 Petition for Writ of Habeas Corpus containing all 16 pages and completed as appropriate.  Petitioner filed his Amended Petition for Writ of Habeas Corpus December 19, 2025.[1] [Doc. 6].

Petitioner is a North Carolina prisoner.[2] Petitioner was convicted by guilty plea in the Cleveland County Superior Court, on January 8, 2020, of two counts of Trafficking in a Schedule II Controlled Substance, case file numbers 18-CRS-54892; and -54896; and one count of Possession of a Firearm by a Felon, case file number 19-CRS-142. [Doc. 1-1 at pp. 7-8, 11-12; NCDAC Database at 2]. Petitioner was sentenced to a term of imprisonment of 70-to-93 months for the first drug trafficking conviction. [NCDAC Database at 2]. The state trial court consolidated for judgment the second drug trafficking conviction with the firearm conviction and imposed

---

[1] Petitioner's amended petition, in all material respects, is a duplicate version of his original petition with the addition of the requested pages which Petitioner left blank.

[2] See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1633322&searchOffenderId=1633322&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (herein "NCDAC Database"); Fed. R. Evid. 201.

upon Petitioner a consecutive 70-to-93-month active sentence of imprisonment. [Id.; Doc. 1-1 at pp. 9-10].

While Petitioner indicates on his § 2254 petition form that he filed a direct appeal to the North Carolina Court of Appeals following his convictions [Doc. 1 at 2; Doc. 6 at 2], Petitioner is mistaken in this regard. [Doc. 1-1 at 2]. After his sentencing hearing conducted January 8, 2020, Petitioner did not file a direct appeal but filed instead a Motion for Appropriate Relief ("MAR") in the Cleveland County Superior Court November 22, 2021. [Id. at pp. 13-23]. Petitioner alleged in his MAR a single claim that his indictment for trafficking in methamphetamine was defective as it did not detail the specific weight of methamphetamine he trafficked. Petitioner asserted that this omission was a jurisdictional defect that deprived the state trial court of jurisdiction to accept his guilty plea and that his guilty plea did not waive jurisdictional defects. [Id. at 2].

The state trial court found Petitioner's MAR to be without merit, concluding that "[i]t is sufficient for an indictment to state that a defendant possessed 28 grams or more but less than 200 grams of methamphetamine to support an indictment for trafficking methamphetamine. The inclusion of a more specific weight is not required for the indictment to be valid." [Doc. 1-1 at 2]. To support its conclusion, the state trial court cited only to North

Carolina precedent: State v. Epps, 95 N.C. App. 173,175, 381 S.E.2d 879, 881 (1989) (holding that a valid indictment must be specific enough to "(1) identify the offense with which the accused is sought to be charged; (2) protect the accused from being twice put in jeopardy for the same offense; (3) enable the accused to prepare for trial; and (4) enable the court, on conviction or plea of nolo contendere or guilty, to pronounce sentence"); and State v. De La Sancha Cobos, 211 N.C. App. 536, 540, 711 S.E.2d 464, 468 (2011) (holding that "[i]n order to allege all of the essential elements, an indictment for conspiracy to traffic in cocaine must allege that the defendant facilitated the transfer of 28 grams or more of cocaine").  The state trial court denied Petitioner's MAR by written order filed December 22, 2021. [Doc. 1-1 at pp. 2-4].

Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals on November 14, 2023, seeking the appellate court's review of his MAR denial by the trial court. [Doc. 1-1 at 1].  The appellate court denied review by order entered February 21, 2024.  [Id.].  Petitioner commenced this § 2254 action on March 11, 2024. [Doc. 1].

## II. DISCUSSION

In accordance with the Rules Governing Section 2254 Cases in the United States District Courts, the Court has reviewed the petition and

amended petition. Rule 4, 28 U.S.C.A. foll. §2254. Rule 4 further directs the district court to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Id.; Wolfe v. Johnson, 565 F.3d 140 (4th Cir. 2009). For the reasons that follow, the Petitioner is not entitled to relief and his petition and amended petition will be denied and dismissed.

> **A. Petitioner Did Not Commence This Action Timely**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Because Petitioner did not pursue a direct appeal following his convictions on January 8, 2020, his state court judgments became final fourteen days later on January 22, 2020. N.C. R. App. 4(a). The AEDPA's one-year statute of limitations thus began running for 365 days on January 22, 2020, until it expired the following year on January 21, 2021. While a properly filed post-conviction action contesting a state criminal judgment will toll the running of the limitations period, 28 U.S.C. § 2244(d)(2), Petitioner did not file his MAR in the Cleveland County Superior Court until November 22, 2021, some ten months after the limitations period had expired. As such, the one-year period of limitation was neither tolled nor resurrected as Petitioner's MAR was filed after the one-year limitations period had already expired. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000).

The Petitioner's § 2254 petition filed March 11, 2024, approximately three years and two months past the January 21, 2021, deadline, is beyond the statute of limitations. The petition is subject to dismissal as time-barred under § 2244(d)(1)(A) unless the Petitioner can show that he is entitled to statutory tolling under § 2244 (d)(1)(B)-(D), or that equitable tolling of the statute of limitations applies. In cases such as this, the Court ordinarily would

enter an order granting the Petitioner 21 days in which to explain why this matter should not be dismissed as untimely, including any reasons why the Court should apply statutory or equitable tolling. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). To do so in this case, however, would be a futile act. Petitioner's claim is subject to denial and this action is subject to dismissal on substantive grounds.

### B. Petitioner Asserts No State Violation of Federal Law

Petitioner raises in this action the same single claim that he raised in his MAR, specifically, the state trial court was deprived of jurisdiction due to a defect in the grand jury's indictment. [Doc. 1 at 5; Doc. 6 at 5]. In reviewing Petitioner's claim, the Court must consider the requirements governing petitions for habeas corpus under 28 U.S.C. § 2254(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). That section of the AEDPA applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a)(1), 28 U.S.C. foll. § 2254. A federal court may not grant § 2254 relief as to any claim "adjudicated on the merits" in state court unless the state court's adjudication of such claim:

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;

Id. § 2254(d)(1).

A state court's decision constitutes an unreasonable application of clearly established federal law under § 2254(d)(1) when the state court correctly identifies the "governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." Barnes v. Joyner, 751 F.3d 229, 238 (4th Cir. 2014) (citation omitted). To find an "unreasonable application of federal law" requires a "substantially higher threshold" to overcome. Schiro v. Landrigan, 550 U.S. 465, 473 (2007). In making this assessment, the habeas court looks "to whether the state court's application of law was objectively unreasonable and not simply whether the state court applied the law incorrectly." Barnes, 751 F.3d at 238-39 (citation omitted).

As noted at the outset of this subsection, the Petitioner raises the same claim in his § 2254 petition as he raised before the state MAR court, and later the state appellate court on certiorari review. More importantly, however, in this matter Petitioner contends only that these North Carolina courts erroneously interpreted North Carolina law when upholding his convictions. The Petitioner has argued no deprivation of any **federal rights** in this habeas action, and neither state court relied upon any federal law in denying Petitioner collateral relief.

A state inmate may invoke federal habeas jurisdiction only if he can establish that he is a person convicted under a state court judgment and that he is in "custody in violation of the Constitution, laws, or treaties of the United States." 28 U.S.C. § 2254. The Supreme Court has made clear that a federal habeas court will not review any claim that concerns how a state court construes or applies its own statutory law and precedent.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L.Ed.2d 606 (1990); see also Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 874–75, 79 L.Ed.2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

Estelle v. McGuire, 502 U.S. 62, 63 (1991).

The Petitioner alleges no federal law violation anywhere in his § 2254 petition or amended petition. And for good reason – Petitioner did not assert, and the North Carolina courts never so much as mentioned, any federal constitutional, statutory, or case law violations in their decisions denying Petitioner relief. Despite Petitioner's unsuccessful litigation of his state-law claim in his state post-conviction proceedings, he cannot now seek review of the state's decisions in this habeas action absent some federal law violation.

Because no such federal law violation is present, Petitioner's § 2254 claim is without merit.

## III. CONCLUSION

For the reasons set forth above, the Court rejects Petitioner's claim for relief. Petitioner's § 2254 petition will be denied and dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Docs. 1; 6] is **DENIED** and **DISMISSED**;

2. The Court **DECLINES** to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases; and

3. The Clerk of Court is respectfully directed to terminate this case.

**IT IS SO ORDERED.**

Signed: 1/12/2026

Martin Reidinger
Chief United States District Judge